Henry, Bruce R., J.
Before the Court is the Plaintiff’s Emergency Motion to Compel Production of Documents and the Emergency Motion of Defendant, *339 Town of Sutton, for Protective Order. After a hearing and review of the relevant case law, the Plaintiffs motion is DENIED and the Defendant’s motion is ALLOWED.
The materials and information sought by the Plaintiff relate to an internal investigation into the plaintiffs charges which was conducted by Attorney Lisa Adams at the request of the Town of Sutton (the Town). Ms. Adams is an attorney, who at the time in question was employed by Kopelman & Paige, which firm was retained as Town Counsel for the Town. In that capacity, Ms. Adams conducted several interviews, some of which were recorded. At the conclusion of her investigation, Ms. Adams prepared a report for the Town with a summary of her findings from the investigation, which contained her mental impressions, opinions, and certain conclusions. That report was addressed to the Chairman and Members of the Board of Selectmen of the Town. Ultimately, the Town found no violations of the Town’s Sexual Harassment and Gender Bias Policy Statement by Mr. Handverger.
In the course of discovery in this matter, the plaintiff requested production of the materials relating to the investigation done by Ms. Adams. The Town has produced transcripts of the interviews of Ms. Labrie, Ms. Brigham, and Mr. Handverger and has indicated that it will produce other materials. The Town has objected to producing the report prepared by Ms. Adams and any materials which relate to the work done by counsel or advice given by counsel pertaining to the LaBrie litigation. There are, apparently, some other documents now in the possession of counsel for the Town, which may be produced after counsel has reviewed them.
The plaintiff argues that Ms. Adams was not acting as counsel to the Town when she conducted her investigation and that the adequacy of the Town’s investigation is “at issue’’ in this litigation and, therefore, she is entitled to discover all of the materials related to that investigation, including Ms. Adams’s report.
With regard to the first argument, I find that Ms. Adams was acting in the capacity of legal counsel to the Town when she conducted her investigation. Her report and her conclusions and advice to the Town, therefore, are not discoverable. The transcribed interviews and Ms. Adams’s notes regarding the interviews she conducted are discoverable; however, excluded from that discovery are Ms. Adams’s notes reflecting her mental impressions, conclusions, opinions, or advice. See In re Grand Jury Investigations, 437 Mass. 340, 351 (2002) (“A construction of the attorney-client privilege that would leave internal investigations wide open to third-party invasion would effectively penalize an institution for attempting to conform its operations to legal requirements by seeking the advice of knowledgeable and informed counsel”).
The fact that the plaintiff has made an issue of the adequacy of the Town’s investigation of her allegations does not alter my analysis. What the Town or Ms. Adams did or did not do in investigating the claims are matters that are discoverable. The Town has acknowledged as much and has produced materials and information regarding the investigation which was conducted. The plaintiff may make her case regarding the adequacy of the investigation without having access to the conclusions, mental impressions, or advice of Ms. Adams.
Therefore, the plaintiff is not entitled to discovery of the materials and information which she seeks by way of her motion to compel. The motion of the plaintiff seeking to compel production is DENIED and the motion of the defendant seeking a protective order is ALLOWED.
ORDER
For the foregoing reasons, the plaintiff is not entitled to discover: 1) the report prepared by Ms. Adams dated August 23, 2006; 2) notes or correspondence or other materials created by Ms. Adams during her investigation which contain Ms. Adams’s mental impressions, conclusions, opinions, or advice to the Town; 3) at depositions of any of the potential deponents those same mental impressions, conclusions, opinions or advice.